ERIC GRANT
United States Attorney
ELLIOT WONG
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES,<br><br>              Plaintiff,<br><br>      v.<br><br>BRIAN RICHARD GIRARDOT JR.,<br><br>              Defendant. | CASE NO. 2:26-MJ-00013-JDP<br><br>UNITED STATES' MOTION FOR DETENTION |

1

Upon his transfer to federal custody, the Court should hold a detention hearing for defendant Brian Richard Girardot Jr., and, at the hearing, detain him because there is no condition, or combination of conditions, that will reasonably assure his appearance as required and protect the safety of the community.

### A. Factual Background

Girardot is charged in this case with possessing a firearm within a school zone in violation of 18 U.S.C. §§ 922(q)(2)(A). St. Mary Catholic Church is a catholic church in Sacramento. Associated with the church is St. Mary Parish School, which is an adjacent parochial school. Girardot Jr.'s younger relative attends St. Mary Parish School. Girardot Jr. previously attended the school, as well.

On February 18, 2026, Girardot Jr. drove his younger relative to the school and dropped her off at approximately 7:45 a.m. Girardot Jr. returned at approximately 9:30 a.m. and walked onto the property and attempted to enter the church, which was in the process of holding an Ash Wednesday mass that had begun earlier that morning.

Girardot Jr. was stopped and subsequently arrested. He had a loaded Taurus Tracker .44 magnum caliber revolver on his person. He also had additional ammunition and a camouflage jacket in his vehicle, which was parked nearby.

Later that day, law enforcement conducted a search of Girardot Jr.'s residence. There were several firearms located in a safe in the garage. Officers also discovered a series of handwritten notes in a stack in Girardot Jr.'s bedroom. *See* Exhibit A. One of the notes included the following language: "Suicide Note fuck you!!!" and on the back of this note was written ". . . rest of yall . . . fuck you die!!!" and "Hello oficifer [sic]!" One of the other notes stated: "[relative 1], [relative 2], and [relative 3] All of you are the reason Ive done this." During an interview later that day, Girardot Jr. admitted to writing the notes officers found in his bedroom but claimed he had written them a while ago and just takes them out and looks at them. The notes were found on top of a pile, however, suggesting that he had recently placed or moved the notes there.

///

///

2

**B. A detention hearing is authorized because Girardot Jr. is charged with an offense under § 3142(f)(1)(A).**

The Bail Reform Act of 1984 ("BRA") governs the release or detention of pretrial defendants. On motion by either the United States or the Court, the defendant may be detained pretrial in cases involving certain enumerated offenses and offense-specific factors set forth in 18 U.S.C. § 3142(f)(1) and/or the factors set forth in 18 U.S.C. § 3142(f)(2). *See United States v. Wang*, no. 2:22-PO-0032-JAG-1, 2022 WL 2182604, at *2 (E.D. Wash. June 16, 2022). The government may satisfy this burden by presenting these facts by proffer. *See* 18 U.S.C. § 3142(f) ("The rules concerning admissibility of evidence in criminal trials do not apply to the presentation and consideration of information at the hearing."); *United States v. Winsor*, 785 F.2d 755, 756 (9th Cir. 1986) ("As in a preliminary hearing for probable cause, the government may proceed in a detention hearing by proffer or hearsay.").

Girardot is charged with violating 18 U.S.C. § 922(q)(2)(A) – possessing a firearm within a school zone. This is an offense under § 3142(f)(1)(A), as possessing a firearm in violation of § 922(q)(2)(A) is a felony offense "that involves the possession or use of a firearm . . . ." 18 U.S.C. § 3142(f)(1)(E). Accordingly, the Court "shall hold a detention hearing" to determine to determine whether any condition or combination of conditions will reasonably assure Girardot's appearance and the safety of the community.

**C. Girardot Jr. should be detained because there is no condition or combination of conditions that can reasonably assure the safety of the community and his appearance.**

Section 3142(f) contemplates that when the Government moves for detention, a detention hearing "shall be held immediately upon the person's first appearance" unless one of the parties seeks a continuance. The government is prepared to proceed with the detention hearing at the first appearance.

In making the determination whether a "condition or combination of conditions will reasonably assure the appearance of [the defendant] as required and the safety of any other person or the community," the Court must look to the factors set forth in 18 U.S.C. § 3142(g). These include (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant; and (4) the nature and seriousness of the danger to

3

1  any person or the community that would be posed by the defendant's release.  § 3142(g)(1)-(4).  These
2  factors definitively weigh in favor of Girardot's detention, as both a flight risk and a danger.

3      Girardot Jr. poses a danger to the community if released.  He is charged with a serious firearms
4  offense in which he brought a loaded firearm onto school grounds (and had additional ammunition and a
5  military-style jacket in his nearby vehicle) and was stopped while attempting to enter a church filled
6  with students and parishioners.

7      Additional evidence found in Girardot Jr.'s bedroom suggests that he had been engaged in
8  preparations for a violent incident.  He had written what he labeled a "suicide note," in which he
9  expressed anger towards acquaintances and relatives and wrote ". . . rest of yall . . . fuck you die!"  And
10 in these notes, Girardot Jr. claims several relatives "hijacked me from a good life" and blames them for
11 "the reason Ive done this."  The notes also indicate that his intended audience was, at least in part, law
12 enforcement, as he wrote on the bottom of one page "Hello oficifer [sic]!"  What's more, these notes
13 were on top of a pile, suggesting that Girardot Jr. had recently placed or moved them there.  In sum,
14 Girardot Jr. displays multiple concerning behaviors and identifiable stressors that are consistent with
15 recognized indicators of an active shooter.[1]

16      Girardot Jr. also poses an unreasonable risk of flight.  The extent of his ties to the community is
17 currently unknown and he has a further incentive to flee, given the significance of the charges he faces.

18 ///
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///

---

[1] *See* Silver, et al., A STUDY OF THE PRE-ATTACK BEHAVIORS OF ACTIVE SHOOTERS IN THE UNITED STATES BETWEEN 2000 AND 2013, available at https://www.fbi.gov/file-repository/pre-attack-behaviors-of-active-shooters-in-us-2000-2013.pdf (last visited Feb. 20, 2026).

**D. Conclusion**

The Court should hold a detention hearing in this case, as Girardot is charged with an offense under § 3142(f)(1)(A). Then, at the hearing, Girardot Jr. should be detained as he poses an unreasonable danger to the community and a risk of flight. There is no condition, or combination of conditions, that will reasonably assure his appearance and the safety of the community.

Respectfully submitted,

Dated: February 20, 2026

ERIC GRANT
United States Attorney

By: /s/ ELLIOT C. WONG
ELLIOT C. WONG
Assistant United States Attorney